In re   Teresa Lee Bolen                                                   Case No.   16-33580
                              Debtor(s)

# CHAPTER 13 PLAN

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF OHIO
## WESTERN DIVISION

(1) The future earnings or other future income of the Debtors is submitted to supervision and control of the Trustee.

(2) **THE DEBTORS SHALL PAY TO THE TRUSTEE** the sum of $ 350.00 per month for a period of 36 months, plus all net tax refunds for the years 2016, 2017, and 2018. Said time for the length of the plan will be extended to the extent necessary to pay the unsecured percentage set forth below. Monthly payments are to be increased to the amount necessary per month after confirmation to provide for the conduit payments to the Mortgagee.

(3) Trustee shall make disbursements as follows:

a) Full payment in deferred cash payments of all priority claims under Section 507.

b) Secured Creditors

1) **Deutsche Bank National Trust Co.** is secured by a mortgage on the Debtor's Residential Real Estate located at: 8545 Township Road 115, Ridgeway, Ohio 43345, and shall be paid its allowable arrearage claim by the Trustee, with the regular payments to be paid by the Debtor directly to the Creditor **until confirmation. Trustee to pay post petition payments to the creditor after confirmation.** The Debtor may seek a loan modification. All post petition payments to be at the non-default rate of interest with no late charges assessed on post petition payments based upon the pre-petition arrearage.

c) After payment of all priority and secured claims, the Trustee shall pay 3% of all unsecured claims duly proved and allowed. Said percentage to be reviewed after the claims bar date and the percentage may increase based upon the claims allowed and funds received from tax refunds but in no event shall the percentage to unsecured creditors exceed 100%.

(4) The Court, from time to time during the period of this Plan, may increase or decrease the amount of the payments provided in this Plan or extend or reduce the period of time for any such payments.

(5) All Creditors with claims disallowed or who fail to file claims will be barred from proceeding with any action against the debtor or their property and upon completion of the Plan to the extent said creditor is secured said creditor shall immediately release its security interest.

All secured liens will remain on the collateral until completion of the Plan at which time the liens will be released except any mortgage liens not stripped by the provisions above.

(6) **Conduit Mortgage Payments:** Regular mortgage payments on the following mortgage claims will be paid on a conduit basis by the Trustee, subject to his full fees, beginning with the first calendar month after the Confirmation Date, **if conduit payments are proposed by Debtor**. The holder of a mortgage claim paid by conduit mortgage payments shall provide the Trustee with written notice of, or shall file an amended proof of claim for, any changes in the monthly mortgage or escrow payments during the term of the Plan. The mortgage claim holder shall also serve a copy of the written notice or amended proof of claim on Debtor and Debtor's attorney. Upon receipt by the Trustee of such written notice, or upon the filing of an amended proof of claim, the Plan shall be deemed modified to permit the Trustee to disburse the amended conduit mortgage payment amount. In the event Relief from stay is granted in the case all payments will cease and the monthly payment made by the Debtor to the Trustee will be adjusted accordingly.

(7) Debtor's Attorney having previously consented, all creditors having mortgages on debtors' real estate shall recommence normal correspondence regarding the mortgage with the debtors as was their normal business practice prior to the commencement of this case, including the issuance of coupon books and/or monthly statements, yearly escrow analyses, 1099's, and any and all other correspondence that would issue in the ordinary course of business. During this Chapter 13 case, the debtor(s) may attempt to enter into loss mitigation negotiations with their mortgage lender(s). This may result in an agreed modification of the debtor(s) mortgage(s).

**Dated: November 15, 2016**     **Signature /S/ Teresa Lee Bolen**
                                                   **Debtor**

16-33580